AMIN TALATI WASSERMAN, LLP
Matthew R. Orr, Bar No. 211097
515 South Flower Street, 18th Floor
Los Angeles, California 90071
Tel:   (213) 933-2330
Fax:   (312) 884-7352
matt@amintalati.com

George R. Spatz, *Pro Hac Vice*
Manon Burns, Bar. No. 347139
gspatz@amintalati.com
manon@amintalati.com
549 W. Randolph St., Ste. 400
Chicago, IL 60661
Tel: (312) 466-1033
Fax: (312) 884-7352

Attorneys for Plaintiff,
Ayush Herbs, Inc.

HM LAW GROUP LLP
Devasena Reddy
devasena@hahnmoodley.com
Vani Moodley
vani@hahnmoodley.com
5655 Silver Creek Valley Road
#850
San Jose, CA 95138
Tel: 650-796-5427
Fax: 408-351-8808

Attorneys for Defendants Distacart, Inc. and Genie Exports Pvt. Ltd.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| AYUSH HERBS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> DISTACART, INC. and GENIE EXPORTS PVT. LTD., <br><br> Defendants. | Case No.: 3:22-cv-3707-CRB <br><br> [~~PROPOSED~~] FINAL JUDGMENT BY CONSENT AND PERMANENT INJUNCTION <br><br> CMC: Dec. 1, 2023 8:30 a.m. |

On consent of Plaintiff Ayush Herbs, Inc. ("Plaintiff" or "Ayush Herbs") and Defendants Distacart, Inc. ("Distacart") and Genie Exports Pvt. Ltd. ("Genie Exports") (collectively "Defendants"), having agreed that a Final Judgment By Consent ("Consent Judgment") and Permanent Injunction should be entered between them and good cause appearing therefor:

**IT IS ORDERED, ADJUDGED AND DECREED:**

1. This case arose under the provisions of the Trademark Act of 1946, 15 U.S.C. § 1051, *et seq.*, particularly under 15 U.S.C. § 1125 and 15 U.S.C. § 1115 and related claims for infringement and contributory infringement of a registered trademark and unfair competition. The Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338 and 1367(a). The Court further has continuing jurisdiction to enforce the terms and provisions of this Consent Judgment.

2. Each Defendant affirms that it has reviewed and agrees to this Consent Judgment voluntarily, and that no promise or threat of any kind has been made by Plaintiff, or any officer or employee of Plaintiff, to induce it to consent to entry of this Consent Judgment and Permanent Injunction.

3. Each Defendant affirms it was represented by legal counsel in connection with the negotiation of this Consent Judgment and Permanent Injunction.

4. Each Defendant acknowledges service of the Summons and Complaint.

5. Each Defendant admits that this Court has personal jurisdiction over it.

6. Each Defendant admits that venue properly lies with this Court.

7. Each Defendant waives any and all rights to appeal this action.

8. Each Defendant consents to the continued jurisdiction of this Court for the purpose of enforcing the terms and conditions of this Consent Judgment and Permanent Injunction and for any other purposes relevant to this case.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

9. Plaintiff Ayush Herbs, Inc. ("Ayush Herbs") is the owner of U.S. Trademark Registration No. 2,493,772 in International Trademark Class 003 for

AYUSH HERBS for "cosmetics, namely, skincare preparations, [ skin lotions, skin creams ] and skin moisturizers; massage oil; replenishing oil, namely, hair conditioners," as well as in International Trademark Class 005 for "herbal and nutritional supplements; [ medicated candy for alleviating pain and intestinal distress; homeopathic and pharmaceutical preparations, ] natural medicines, and herbal and plant extracts for medical use, all for human and veterinary use for alleviating pain and for treating gastrointestinal problems, joint ailments and stress related nervous disorders." The AYUSH HERBS Certificate of Registration is attached as Exhibit A.

10.   Plaintiff Ayush Herbs is the owner of U.S. Trademark Registration No. 6,762,042 in International Class 003 for AYUSH for "Cosmetics; Hair conditioner; Massage oil; Skin moisturizer; Non-medicated skin care preparations," as well as in International Class 005 for "Dietary and nutritional supplements; Herbal extracts for medical purposes; Herbal supplements; Plant extracts for medical, veterinary and pharmaceutical purposes." The AYUSH Certificate of Registration is attached as Exhibit B.

11.   The AYUSH HERBS and AYUSH trademarks (collectively the "Ayush Herbs Trademarks") are valid and in full force and effect and Ayush Herbs has the exclusive right to use the registered marks in connection with the goods or services identified in the registration certificates.

12.   The AYUSH HERBS trademark has become incontestable pursuant to 15 U.S.C. § 1065.

13.   Ayush Herbs has used the AYUSH HERBS trademark continuously since at least as early as November 1990 and has used the AYUSH trademark continuously since at least as early as 1994.

14.   Defendant Genie Exports has sold products in the United States that use or display the word or term AYUSH as an element of a mark or product name, such as AYUSH Kwath, AYUSH Kadha, and AYUSH-64, that Ayush Herbs alleges infringe the Ayush Herbs Trademarks.

15. Defendant Distacart has allowed the sale of products in the United States that use or display the word or term AYUSH as an element of a mark or product name, such as AYUSH Kwath, AYUSH Kadha, and AYUSH-64, through its online platform at distacart.com, and Ayush Herbs alleges that through these actions Distacart has contributed to the infringement of the Ayush Herbs Trademarks.

16. Ayush Herbs contends that Defendants' use or display of the word or term AYUSH as an element of a mark or product name in United States commerce in connection with the sale, offering for sale, distribution, or advertising of such products is likely to cause confusion, or to cause mistake, or to deceive, and therefore constitutes trademark infringement and contributory trademark infringement in violation of 15 U.S.C. § 1114, unfair competition in violation of 15 U.S.C. § 1125(a), and unfair competition against Ayush Herbs in violation of Cal. Bus. & Prof. Code § 17200 and the common law of the State of California.

17. On June 23, 2022, Ayush Herbs commenced the above-captioned action (the "Civil Action") by filing a Complaint against Defendants. On November 17, 2022, Plaintiff filed a First Amended Complaint (the "FAC"), which is the operative complaint.

18. Defendants expressly deny any liability in connection with Ayush Herbs' claims in this Civil Action. Notwithstanding Defendants' denial of liability, each Defendant consents to a permanent injunction as set forth below.

19. Ayush Herbs has waived all claims for damages against Defendants, including Defendants' profits, treble damages, and attorneys' fees and costs.

**ACCORDINGLY, IT IS FURTHER ORDERED, ADJUDGED AND DECREED:**

20. The Court expressly determines that there is no just reason for delay in entering this judgment, and pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Court directs entry of judgment for permanent injunction against each Defendant as follows:

[PROPOSED] FINAL JUDGMENT BY CONSENT AND PERMANENT INJUNCTION

21. Defendants Distacart, Inc. and Genie Exports Pvt. Ltd. and all affiliated or related entities, agents, officers, employees, servants, representatives, successors, assigns, and attorneys, and all those in active concert or participation with any of them, and all other persons acting for, with, by, through, or under authority from them, are hereby **PERMANENTLY ENJOINED AND RESTRAINED** from:

a. manufacturing, producing, acquiring, purchasing, importing, receiving, exporting, distributing, circulating, selling, offering for sale, advertising, or promoting in the United States any product that bears one or more of the Ayush Herbs Trademarks, any mark confusingly similar to the Ayush Herbs Trademarks, or any mark that includes the word or term AYUSH as an element of a mark or product name, in connection with the goods or services identified in the Ayush Herbs Trademarks' registration certificates;

b. acting through or forming other entities or associations, or using any other instrumentalities or devices, for the purpose of circumventing, evading, or avoiding or otherwise violating the prohibitions referred to in subparagraph (a) above.

c. directly or indirectly assisting any other individual or entity in engaging in or performing any of the activities referred to in subparagraph (a) above.

22. This Consent Judgment and Permanent Injunction shall be deemed to have been served upon the Defendants at the time of its execution by the Court.

23. Each party shall bear its own costs and expenses, including but not limited to attorneys' fees.

24. This Court retains jurisdiction over the parties and the subject matter for the purposes of enforcing this Consent Judgment and Permanent Injunction and the Settlement Agreement between the Parties relating to this Civil Action.

25. This case is now closed as to all parties and claims.

**APPROVED OF AS TO FORM:**

DATED: August 22, 2023

_____
HON. CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE

**CONSENTED TO BY THE PARTIES:**

DATED: 8/21/2023          **Amin Talati Wasserman, LLP**

By: */s/George R. Spatz*
George R. Spatz (*pro hac vice*)
Manon Burns

*Attorneys for Plaintiff,*
*Ayush Herbs, Inc.*

**HM Law Group, LLP**

By: */s/Devasena Reddy*
Devasena Reddy
Vani Moodley

*Attorneys for Defendants Distacart, Inc., and Genie Exports Pvt. Ltd.*

# CERTIFICATE OF SERVICE

I hereby certify that on this 21 day of August, 2023, I caused the electronic filing of the foregoing document described as **[PROPOSED] FINAL JUDGMENT BY CONSENT AND PERMANENT INJUNCTION** through the CM/ECF system. This document will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants.

*/s/Manon Burns*
Manon Burns

# Exhibit A

Int. Cls.: **3, 5 and 30**

Prior U.S. Cls.: **1, 4, 6, 18, 44, 46, 50, 51 and 52**

## United States Patent and Trademark Office

**Reg. No. 2,493,772**
Registered Oct. 2, 2001

## TRADEMARK
### PRINCIPAL REGISTER

### AYUSH HERBS

AYUSH HERBS, INC. (WASHINGTON CORPORATION)
2115 - 112TH AVENUE NE
BELLEVUE, WA 98004

FOR: COSMETICS, NAMELY, SKINCARE PREPARATIONS, SKIN LOTIONS, SKIN CREAMS AND SKIN MOISTURIZERS; MASSAGE OIL; REPLENISHING OIL, NAMELY, HAIR CONDITIONERS, IN CLASS 3 (U.S. CLS. 1, 4, 6, 50, 51 AND 52).

FIRST USE 11-0-1990; IN COMMERCE 11-0-1990.

FOR: HERBAL AND NUTRITIONAL SUPPLEMENTS; MEDICATED CANDY FOR ALLEVIATING PAIN AND INTESTINAL DISTRESS; HOMEPATHIC AND PHARMACEUTICAL PREPARATIONS, NATURAL MEDICINES, AND HERBAL AND PLANT EXTRACTS FOR MEDICAL USE, ALL FOR HUMAN AND VETERINARY USE FOR ALLEVIATING PAIN AND FOR TREATING GASTROINTESTINAL PROBLEMS, JOINT AILMENTS AND STRESS RELATED NERVOUS DISORDERS, IN CLASS 5 (U.S. CLS. 6, 18, 44, 46, 51 AND 52).

FIRST USE 4-0-1990; IN COMMERCE 4-0-1990.

FOR: SPICES; CANDY; HERBAL CANDY; TEA AND PROCESSED HERBS, IN CLASS 30 (U.S. CL. 46).

FIRST USE 11-0-1990; IN COMMERCE 11-0-1990.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "HERBS", APART FROM THE MARK AS SHOWN.

SER. NO. 75-504,468, FILED 6-16-1998.

BRIAN RUPP, EXAMINING ATTORNEY

# Exhibit B

# United States of America
### United States Patent and Trademark Office

# AYUSH

**Reg. No. 6,762,042**
**Registered Jun. 14, 2022**
**Int. Cl.: 3, 5**
**Trademark**
**Principal Register**

AYUSH HERBS, INC.  (WASHINGTON CORPORATION)
2239 152ND AVE NE
REDMOND, WASHINGTON 98052

CLASS 3: Cosmetics; Hair conditioner; Massage oil; Skin moisturizer; Non-medicated skin care preparations

FIRST USE 00-00-1994; IN COMMERCE 4-26-2022

CLASS 5: Dietary and nutritional supplements; Herbal extracts for medical purposes; Herbal supplements; Plant extracts for medical, veterinary and pharmaceutical purposes

FIRST USE 00-00-1994; IN COMMERCE 4-25-2022

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT STYLE, SIZE OR COLOR

OWNER OF U.S. REG. NO. 2493772

SER. NO. 90-523,109, FILED 02-10-2021



*Katherine Kelly Vidal*

Director of the United States
Patent and Trademark Office

